IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID A. JOSEPH, SR., *et al.*,

    Plaintiffs,

vs.                                  Civil Action 2:15-cv-0085
                                       Judge Watson
                                       Magistrate Judge King

CHRISTIE HAMPTON, *et al.*,

    Defendants.

ORDER AND
REPORT AND RECOMMENDATION

    Plaintiff David A. Joseph, Sr., a state inmate, has filed a civil action purportedly on behalf of himself and a number of other individuals, including minors.  Although the allegations contained in the *Complaint* are not entirely clear, plaintiff David A. Joseph, Sr., appears to allege that defendants, employees of the Clerk of the Court of Common Pleas for Perry County, Ohio, interfered with his release from prison by falsely stating that he was the subject of probation violation proceedings in Perry County and violated his constitutional right of access to the courts by refusing to file pleadings submitted by him.

    The Court concludes that, at this juncture, the claims of plaintiff David A. Joseph, Sr., may proceed.  Should this plaintiff submit a copy of the *Complaint*, a completed summons and a Marshal service form for each named defendant, the United States Marshals Service will effect service of process on each defendant.  The

1

defendants may have forty-five (45) days after service of process to respond to the *Complaint*. Plaintiff David A. Joseph, Sr., is **ADVISED** that the claims of any defendant not served with process within 120 days may be dismissed.  *See* Fed. R. Civ. P. 4(m).

However, plaintiff David A. Joseph, Sr., cannot represent the other named plaintiffs in this action. Plaintiff David A. Joseph, Sr., the only plaintiff who has signed the *Complaint*, purports to represent all named plaintiffs.  In federal courts, a party may represent himself or be represented by an attorney.  28 U.S.C. § 1654. A party may not be represented by a non-lawyer in federal judicial proceedings.  *Neilson v. State of Michigan*, 181 F.3d 102, *1 (6th Cir. 1999)(table). It is significant to note that, in Ohio, the representation of another in a judicial proceeding by one not licensed to practice law may constitute the unauthorized practice of law. *Cincinnati Bar Assn. v. Estep*, 74 Ohio St. 3d 172 (1995)(holding that a non-lawyer engaged in the unauthorized practice of law when he prepared pleadings and other papers, managed actions and proceedings on behalf of clients, and gave advice to clients concerning legal matters).

It is therefore **RECOMMENDED** that the claims of the remaining plaintiffs be dismissed unless, within thirty (30) days, each of these plaintiffs demonstrates his or her intention to proceed either personally or through counsel.  These plaintiffs must also pay the $400.00 filing fee or separately seek leave to proceed *in forma pauperis*.

**Procedure on Objections**:

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                                   s/Norah McCann King  
                                                   Norah M$^c$Cann King  
January 15, 2015              United States Magistrate Judge