**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID A. JOSEPH, SR.,** *et al.,*

        **Plaintiffs,**

    **vs.**                         **Civil Action 2:15-cv-0085
Judge Watson
Magistrate Judge King**

**CHRISTIE HAMPTON,** *et al.,*

        **Defendants.**

<u>**OPINION AND ORDER**</u>

Only the claims of plaintiff David A. Joseph, Sr., a state inmate who is proceeding without the assistance of counsel, remain. *Opinion and Order,* ECF 5. This matter is before the Court on *Plaintiff's Motion to Strike Defendants['] Motion to Dismiss*, ECF 13 ("*Motion to Strike*"). For the reasons that follow, the *Motion to Strike* is **DENIED**.

On March 11, 2015, defendants filed a motion to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Defendants' Motion to Dismiss*, ECF 9. The certificate of service represents that defendants served a copy of the motion to dismiss on plaintiff by ordinary U.S. Mail to a P.O. Box at Pickaway Correctional Institution ("PCI"). *Id.* at 9. On April 6, 2015, plaintiff notified the Court that his new address was at Marion Correctional Institution ("MCI") and asked the Clerk to send him a copy of the docket in this case. *Notice*, ECF 11. Thereafter, when plaintiff did not respond to the motion to dismiss, the Court granted

plaintiff additional time to respond, warning that his "failure to do so will be construed by the Court as his abandonment of the action, and may result in the dismissal of the case for want of prosecution." *Order*, ECF 12.

Instead of responding to defendants' motion to dismiss, plaintiff filed the *Motion to Strike* pursuant to Fed. R. Civ. P. 12 on April 15, 2015, contending that defendants "willfully failed to serve a copy of the motion [to dismiss]" on plaintiff and contending that defense counsel "falsified [that motion's] certificate of service." *Motion to Strike*, p. 1. In support, plaintiff explains that when he filed the *Complaint*, ECF 3, on January 15, 2015, he was incarcerated at PCI, but that he was later transferred to MCI on February 26, 2015. *Id*. On March 2, 2015, plaintiff wrote a letter addressed to the prosecutor for Perry County, Ohio, mistakenly believing that the prosecutor represented defendants in this action. *Id*. This letter included plaintiff's new address at MCI. *Id*. On March 9, 2015, defense counsel responded by letter addressed to plaintiff at both his MCI address and his former PCI address. *Id.; Exhibit A*, attached thereto (copy of letter from defense counsel dated March 9, 2015). On March 12, 2015, plaintiff received a copy of this letter at MCI and received a second copy of this letter a week later when it was forwarded from PCI to plaintiff at MCI. *Motion to Strike*, p. 1. Apparently believing that this history establishes that defendants should have served plaintiff at MCI and/or that PCI would have forwarded a copy of the motion to dismiss had one been served there, plaintiff asks the

2

Court to strike defendants' motion to dismiss "and order the Defendants to file a response to the Complaint, as if the Motion to Dismiss had never been filed" and "further asks this Court to sanction the Defendants [sic] attorney for his deceptive practices and for making fraudulent certificates of service to this Court." *Id.* at 2.

On April 20, 2015, defendants opposed the *Motion to Strike*, representing that they served plaintiff via U.S. Mail at the only address plaintiff had placed on file with the Court at that time and that this mailing was never returned as undelivered to defense counsel. *Defendants' Memorandum in Opposition to Plaintiff's Motion to Strike Defendants' Motion to Dismiss*, ECF 14, p. 2 ("*Opposition*"). Defendants point out that plaintiff's notice of change of address was made on April 6, 2015, *i.e.,* after the motion to dismiss had been filed. *Id.* (citing ECF 11). Defendants acknowledge that, if plaintiff did not receive the motion to dismiss following his transfer to MCI, that failure stems from plaintiff's own failure to timely notify the Court and defense counsel of his new address and not from any "willful or fraudulent" misconduct on the part of the defense. *Id.* at 2-3. Defendants note that, by attaching a copy of the motion to dismiss to his *Opposition*, plaintiff has established that he now has a copy of that motion. *Id.* Defendants therefore propose that the Court grant plaintiff additional time to respond to the motion to dismiss. *Id.* Plaintiff has not filed a reply to the *Opposition*.

Defendants' arguments are well-taken. Plaintiff has an affirmative duty to advise the Court of any change in his address.

*See*, *e.g.*, *Barber v. Runyon*, No. 93-6318, 1994 U.S. App. LEXIS 9709, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *Lewis v. Miller*, 2013 U.S. Dist. LEXIS 158982, at *2 (S.D. Ohio Nov. 6, 2013) ("'[I]t is the obligation of every litigant to update the Court with his current address, failing which, litigation may become subject to dismissal for failure to prosecute.'") (quoting *Aden v. Herrington*, No. 1:12-cv-86, 2012 U.S. Dist. LEXIS 153392, at *3 n.1 (S.D. Ohio October 25, 2012)). *See also A Guide for Pro Se Civil Litigants Representing Yourself in the United States District Court for the Southern District of Ohio* (effective July 1, 2013), p. 14 (advising that *pro se* litigants must promptly notify the Court and opposing parties in writing of any change in address and warning that "[**i**]**f you fail to keep the Court informed of your current address/telephone number, your case may be dismissed for lack of prosecution**") (emphasis in original). The record presently before the Court reflects that plaintiff's address on file with the Court at the time the motion to dismiss was filed on March 11, 2015, was at PCI. Plaintiff did not notify the Court of his new address at MCI until April 6, 2015, *i.e.,* nearly a month after the motion to dismiss was filed on March 11, 2015. *Notice*, ECF 11. Defendants cannot be faulted for not serving plaintiff at the address on file with the Court. Although plaintiff also apparently believes that defense counsel "fraudulently" represented that the motion to dismiss was mailed to plaintiff at PCI, nothing in the present record

establishes that defendants failed to mail a copy of the motion to dismiss to plaintiff at PCI. In short, the fact that plaintiff may not have received a copy of the motion to dismiss is not a function of any "fraudulent" or improper action on the part of the defendants.

In addition to enjoying no support in the record, the *Motion to Strike* is not well-taken because it asks the Court to strike a motion to dismiss. Rule 12(f), which addresses only pleadings, is inapplicable because a motion is not a "pleading" as defined by Rule 7 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 7(a); *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010). Although federal courts have the inherent power to strike documents other than pleadings, *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003), this Court declines to impose the drastic remedy of striking the motion to dismiss based on the present record. *Cf. Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("[T]he action of striking a pleading should be sparingly used by the courts" because it is "a drastic remedy to be resorted to only when required for the purposes of justice" and "only when the pleading to be stricken has no possible relation to the controversy."). For all these reasons, the *Motion to Strike* is without merit.

**WHEREUPON**, *Plaintiff's Motion to Strike Defendants['] Motion to Dismiss*, ECF 13, is **DENIED**. If plaintiff intends to respond to defendants' motion to dismiss, ECF 9, he must do so no later than May 26, 2015.

*s/Norah McCann King*
Norah McCann King
United States Magistrate Judge

May 12, 2015