IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID A. JOSEPH, SR., *et al.*,

    Plaintiffs,

vs.
                                      Civil Action 2:15-cv-0085
                                      Judge Watson
                                      Magistrate Judge King

CHRISTIE HAMPTON, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Only the claims of plaintiff David A. Joseph, Sr., a state inmate who is proceeding without the assistance of counsel, remain. *Opinion and Order,* ECF 5. This matter is before the Court on *Defendants' Motion to Dismiss*, ECF 9 ("*Motion to Dismiss*").

**I.    BACKGROUND**

Plaintiff, currently incarcerated at the Marion Correctional Institution ("MCI") and formerly incarcerated at the Pickaway Correctional Institution ("PCI"), filed this action on January 15, 2015, suing several defendants in their individual capacities: Christie Hampton, Clerk of the Perry County Court; Dean Wilson, Judge of the Perry County Court; Jordan Hollingshead, Probation Officer with the Perry County Court; Timothy Wollenburg, the Clerk of the Court of Common Pleas for Perry County; and David Freriks, a Perry County Commissioner. *Complaint*, ECF 3, *PAGEID#:*22-23, 27-28; *Plaintiff's Response to Defendant[s]' Motion to Dismiss*, ECF 16 ("*Opposition*"), p. 1 (clarifying that defendants are sued in their individual

capacities). Plaintiff alleges that defendant Hampton, acting under color of law and outside the scope of her duties, conspired with defendants Wilson and Hollingshead to violate plaintiff's rights under the United States Constitution and under state law "by failing to respond to repeated requests by both the Plaintiff, and the State ODRC for a fast and speedy trial, by failing to file motions mailed in by plaintiff and by failing to schedule or otherwise bring [these] motions to the attention of the Court in direct violation of their duties." *Complaint*, *PAGEID#:28*. Plaintiff further alleges that defendants Hampton, Wilson, Hollingshead and other unknown employees of the Perry County Court Clerk's Office "did verbally and in writing make false statements, commit perjury, and falsify documents sent to the ODRC by alleging that Plaintiff was wanted for a probation violation," knowing that he "had never been on probation or even sentenced for a crime in their County Court." *Id*. Plaintiff alleges that defendants committed these acts "with the express purpose of denying Plaintiff a fast and speedy trial on an outstanding misdemeanor charge in their County." *Id*. According to plaintiff, these actions "were done utilizing their [defendants'] official capacity of their jobs but were outside the scope of their official job duties in a manner which] violated plaintiff's constitutional rights. *Id*. Plaintiff goes on to allege that defendants' actions interfered with his release from prison, resulting in continued incarceration as well as emotional distress and financial hardship. *Id*. at *PAGEID#:28-29*. Although not a model of clarity, plaintiff

2

apparently asserts violations of his right to a fast and speedy trial and his right to due process; unlawful detention under the Fourth Amendment; a denial of his constitutional right of access to the courts; and a conspiracy to violate his constitutional rights. *Id.*; *Opposition*, p. 2. Plaintiff also asserts state law claims of false imprisonment, "dereliction of duty," perjury, and "falsification of official documents." *Id*. Plaintiff seeks damages in the amount of $8,250,000, unspecified punitive damages, and costs. *Complaint*, *PAGEID#:*29.

Defendants have moved to dismiss the *Complaint* pursuant to Fed. R. Civ. P. 12(b)(6), which plaintiff has opposed. *See Motion to Dismiss*; *Opposition*. With the filing of *Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss*, ECF 17 ("*Reply*"), this matter is ripe for review.

**II. STANDARD**

A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 566 (6th Cir. 2003). In determining whether dismissal on this basis is appropriate, a court must construe the complaint's allegations in the light most favorable to the plaintiff and accept as true all well-pled factual allegations. *See Janosek v. City of Cleveland*, 718 F.3d 578, 581 (6th Cir. 2013) (quoting *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 597 (6th Cir. 2013)). A motion to dismiss will be granted only if the pleading fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

Plaintiff is proceeding without the assistance of counsel. Generally, pleadings by *pro se* plaintiffs are to be construed liberally and are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

**III. DISCUSSION**

    **A.    Claims Against Defendants Timothy Wollenburg and David Freriks**

The parties agree that the Court should dismiss the claims against defendants Timothy Wollenburg and David Freriks. *Motion to Dismiss*, pp. 6-8; *Opposition*, p. 3; *Reply*, pp. 5-6.

    **B.    Official Capacity Claims**

The defendants argue that, to the extent the *Complaint* names defendants in their official capacities, plaintiff fails to identify a policy or custom of any governmental agency and therefore fails to state a claim under Fed. R. Civ. P. 12(b)(6). *Motion to Dismiss*, pp. 2-3. *See also Reply*, pp. 2-3. Plaintiff clarifies that he has sued defendants only in their individual capacities. *Opposition*, p. 1. Therefore, the *Motion to Dismiss*, as it relates to official capacity

claims, is moot.

### C.  Constitutional Claims

#### 1.  Speedy-trial claim

Although the *Complaint* does not cite 42 U.S.C. § 1983, plaintiff's claims are based on alleged violations of his civil rights. *See generally Complaint*. Construing plaintiff's *pro se Complaint* liberally, *see Haines*, 404 U.S. at 520, the Court will consider plaintiff's claims under Section 1983. That statute provides in pertinent part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. To succeed on a claim under § 1983, "'a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). Because Section 1983 is a method for vindicating federal rights, and is not itself a source of substantive rights, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges, *inter alia*, that defendants' actions resulted

5

in his continued incarceration and violated his right to a fast and speedy trial. *Complaint*, PAGEID#:28-29. Although plaintiff does not specify the constitutional right allegedly infringed, defendants interpret these allegations as a claimed violation of plaintiff's rights under the Sixth Amendment to the United States Constitution. *Motion to Dismiss*, pp. 3-4; *Reply*, pp. 2-3. The Sixth Amendment guarantees that, "in all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ." U.S. Const. amend. VI. In analyzing a Sixth Amendment claim, the Court considers the following: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). *See also Heyerman*, 680 F.3d at 649 ("A speedy-trial violation "requires two things – state lethargy *and a state trial*. To the extent money damages under § 1983 are available at all for a speedy-trial violation . . . a claimant must show both elements.") (Sutton, J., concurring) (emphasis in original) (citing, *inter alia*, *Doggett*, 505 U.S. at 651-52 (1992)). Defendants contend that plaintiff fails to state a Sixth Amendment claim because he does not allege, and later acknowledges, that the proceedings against him were voluntarily dismissed and that a trial never occurred. *Motion to Dismiss*, pp. 3-4 (citing *Heyerman*, 680 F.3d at 649-50; *United States v. MacDonald*, 456 U.S. 1, 6 (1982) ("The

speedy trial clause of the Sixth Amendment has no application after the Government, acting in good faith, formally drops charges")); *Reply*, pp. 2-3.  Plaintiff responds that the Court should construe his *pro se Complaint* liberally and that his allegations state a claim sufficient to survive the *Motion to Dismiss*.  *Opposition*, pp. 1-3.

Plaintiff's arguments are well-taken.  Although the defendants present evidence of a voluntary dismissal of the criminal action against plaintiff, *see Exhibit A*, attached to *Motion to Dismiss*, the record is more ambiguous as to the criminal case proceedings leading up to that dismissal.  Although it appears that no trial ever occurred in the proceedings against plaintiff, any ambiguity in this regard must be construed in a light most favorable to plaintiff.  Moreover, plaintiff challenges defendants' reliance on *MacDonald*, 456 U.S. at 6, and, specifically, their position that the voluntary dismissal of the action precludes his speedy-trial claim. *Opposition*, p. 2.  Plaintiff alleges facts that defendants failed to act in good faith when dismissing the criminal case against him.  *Id.*; *Complaint*, PAGEID#: 28.  Although plaintiff may not ultimately prevail on his Sixth Amendment claim, the Court cannot say that the *Complaint* does not state a plausible claim for relief at this stage in the litigation. *See*, *e.g.*, *Iqbal*, 556 U.S. at 679.

### 2. Due process

Defendants argue that plaintiff's due process claim must fail because he complains only about the length of his incarceration and not about the conditions of his confinement.  *Reply*, pp. 3-5.  This

7

Court disagrees. Plaintiff specifically alleges that his incarceration caused him "extreme emotional distress" and "anxiety." *Complaint*, *PAGEID#:*28. These allegations, construed in a light most favorable to plaintiff, are sufficient to overcome the *Motion to Dismiss*.

### 3. Unlawful detention

Defendants do not address plaintiff's claim under the Fourth Amendment, which protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Under the Fourth Amendment, plaintiff is entitled to a "fair and reliable determination of probable cause as a condition for any significant pretrial personal restraint of liberty." *Gerstein v. Pugh*, 420 U.S. 103, 124 (1975). The *Complaint* alleges that plaintiff was unfairly detained without cause as a result of defendants' actions or inaction. *See Complaint*, *PAGEID#:*28. At this juncture, these allegations are, in this Court's view, sufficient to state a Fourth Amendment claim.

### 4. Access to the courts

Plaintiff alleges that defendants denied him access to the courts. *Complaint*, *PAGEID#:*28. The First Amendment to the United States Constitution guarantees to inmates a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In order to prevail on a claim of denial of the right of access to the courts, "a plaintiff must show actual injury." *Harbin-*

*Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

In the case presently before the Court, the *Complaint*, construed in a light most favorable to plaintiff, alleges that defendants repeatedly failed to, *inter alia*, file his motions, resulting in injury. *Complaint*, *PAGEID#:*28. Defendants do not address this claim. Based on the present record, the Court concludes that plaintiff's allegations in this regard state a claim for denial of access to the courts.

### 5. Conspiracy

Construing the *Complaint* liberally, plaintiff appears to allege a conspiracy to violate his constitutional rights. *Complaint*, *PAGEID#:*28. "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). A plaintiff may successfully plead a § 1983 civil conspiracy by alleging "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). However, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

The *Complaint* alleges that defendants Hampton, Wilson, and Hollingshead conspired to violate, *inter alia*, his constitutional

rights:

> Betwee[n] August 2010 and Present Christie Hampton, acting in her official capacity as Clerk of County Court of Perry County, did under color of her office, acting outside the scope of her duties conspire with, or did act in a manner with the unknown employees of the Clerks [sic] office, Dean Wilson, and Jordan Hollingshead, to violate plaintiffs [sic] State and Federal Constitutional rights to Due Process, and a Fast and Speedy Trial, by failing to respond to repeated requests by both the Plaintiff, and the State ODRC for a fast and speedy trial, by failing to file motions mailed in by plaintiff and by failing to schedule or otherwise bring thewse [sic] motions to the attention of the Court in direct violation of their duties.

*Complaint*, *PAGEID#:*28. Defendants contend that these allegations are conclusory and therefore fail to state a claim upon which relief may be granted. *See Motion to Dismiss*, p. 8; *Reply*, p. 7. This Court agrees. While plaintiff identifies the actions allegedly taken by the three defendants, he does not allege the existence of any agreement or shared plan among these defendants to violate his constitutional rights. Plaintiff's failure in this regard is fatal to his conspiracy claim. *See*, *e.g.*, *Huffer v. Bogen*, No. 11-4289, 503 F. App'x 455, at *462 (6th Cir. Nov. 1, 2012) (finding that the plaintiff failed to state a claim of conspiracy where he "merely described the actions taken by various individual defendants, asserting that their actions were taken in furtherance of a conspiracy" and where the claim "fails to include allegations regarding an agreement or shared plan between the individual defendants to violate his civil rights").

**D.  Immunity**

Defendants argue that, even if plaintiff has stated a claim for a constitutional deprivation, defendants Wilson, Hampton, and

10

Hollingshead ("three defendants") are judicial officers who performed traditional judicial acts and functions. *Motion to Dismiss*, pp. 5-6; *Reply*, p. 5. Defendants therefore take the position that these three defendants are entitled to absolute immunity from suit in their individual capacity. *Id*. This Court again disagrees.

"Judges are absolutely immune from § 1983 suits arising out of their performance of judicial functions." *Huffer*, 503 F. App'x at *458 (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)). In addition, "[o]ne who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected." *Id*. at *461 (internal quotation marks and citations omitted) (applying immunity to a probation officer and court clerk). *See also Smith v. Leis*, No. 09-3735, 407 F. App'x 918, 929 (6th Cir. 2007) ("Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune."). "[J]udicial immunity applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice[.]" *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). However, judicial immunity is unavailable for, *inter alia*, "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Whether or not an act is "judicial" relates "to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his

11

judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

In the case presently before the Court, plaintiff alleges, *inter alia*, that these three defendants acted outside the scope of their official duties and "did verbally and in writing make false statements, commit perjury, and falsify documents sent to the ODRC [Ohio Department of Rehabilitation and Correction.]" *Complaint*, *PAGEID#:*28. Construing these allegations in a light most favorable to plaintiff to assert that the three defendants acted outside of their normal functions, the Court cannot say, based on the present record, that judicial or quasi-judicial immunity bars plaintiff's claims.

### E. State Law Claims

The *Complaint* apparently asserts state law claims of false imprisonment, "dereliction of duty," perjury, and "falsification of official documents." *Complaint*, *PAGEID#:*28-29; *Opposition*, p. 2. Defendants contend that they are entitled to dismissal of all these claims. The Court will address each such claims.

#### 1. False imprisonment

Under Ohio law, a claim for false imprisonment "requires proof that one was intentionally confined . . . for any appreciable time, against his will and without lawful justification." *Snyder v. United States*, 990 F. Supp. 2d 818, 829 (S.D. Ohio 2014) (quoting *Evans v. Smith*, 97 Ohio App. 3d 59 (Ohio Ct. App. 1st Dist. 1994) (internal quotation marks omitted)). Defendants contend that "Plaintiff was already imprisoned for an unrelated criminal conviction outside of Perry County. Therefore, Plaintiff was confined **with** lawful privilege

12

as he was already lawfully convicted and sentenced." *Reply*, p. 7 (emphasis in original). The *Complaint*, however, alleges that plaintiff "had never been on probation or even sentenced for a crime in their [Perry] County Court" and that he was kept in prison because of defendants' actions or inaction. *See Complaint*, *PAGEID#:28*. Construing the *Complaint* in a light most favorable to the plaintiff, these factual allegations are, in this Court's view, sufficient to state a claim for false imprisonment at this stage of the litigation.

### 2. Dereliction of duty

In opposing the *Motion to Dismiss*, plaintiff clarifies that he asserts a claim for "dereliction of duty." *Opposition*, p. 2. However, the State of Ohio has codified dereliction of duty in a criminal statute. *See* O.R.C. § 2921.44 (providing, *inter alia,* that dereliction of duty is a misdemeanor of the second degree). Ohio law does not recognize a private cause of action for "dereliction of duty." *See*, *e.g.*, *DeCosta v. Medina County*, No. 1:04CV1118, 2006 U.S. Dist. LEXIS 32070, at *21 (N.D. Ohio May 22, 2006) ("[D]ereliction of duty pursuant to O.R.C. 2921.44[] is a criminal statute and therefore does not constituted a separate civil cause of action in Ohio[.]"); *White v. Stafford*, No. 61838, 1993 Ohio App. LEXIS 82, at *3 (Ohio Ct. App. 8th Dist. Jan. 14, 1993) ("The dereliction of duty claim is a criminal statute, not a civil claim for relief, and thereby fails."). *Cf. Groves v. Groves*, No. 09AP-1107, 2010-Ohio-4515, at *P25 (Ohio Ct. App. 10th Dist. Sept. 23, 2010) ("A party must rely on a separate civil cause of action, existent either in the common law or through

13

statute, to bring a civil claim based on a criminal act.").

### 3. Perjury

"In Ohio, allegations constituting perjury, subornation of perjury and conspiracy to commit perjury, all of which, if proved, may be punishable under criminal statutes, are not recognized as bases for civil lawsuits." *Simpson v. Columbus S. Power Co.*, No. C2-02-1080, 2003 U.S. Dist. LEXIS 13400, at *11 (S.D. Ohio July 15, 2003) (collecting cases). Accordingly, plaintiff's perjury claim fails as a matter of law. *See, e.g., id.* at *12 ("Because Ohio law does not recognize a civil cause of action for perjury, Plaintiff's claim fails as a matter of law."); *Young v. City of Columbus*, No. 2:04-cv-673, 2007 U.S. Dist. LEXIS 1364, at *29 n.3 (S.D. Ohio Jan. 9, 2007) ("This Court also notes that theft, tampering with evidence, and perjury are all criminal offenses and, therefore, Plaintiff fails to state a claim for which relief can be granted through civil suit."); *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App. 3d 40, 51 (Ohio Ct. App. 10th Dist. June 9, 2009) ("While perjury, subornation of perjury, and conspiracy to commit perjury are punishable under criminal statutes, they may not, for public policy reasons, form the basis of a civil lawsuit.").

### 4. Falsification of documents

The State of Ohio has codified "falsification" in a criminal statute. *See* O.R.C. § 2921.13. Absent the initiation of criminal charges or criminal proceedings under O.R.C. § 2921.13, Ohio law does not recognize falsification as an independent civil cause of action:

14

> However, R.C. 2921.13 is a criminal statute contained within Title 29 of the Ohio Revised Code. Title 29 is a criminal title. *See Howard v. Supreme Court of Ohio*, 10th Dist. No. 04AP-1093, 2005 Ohio 2130 (holding R.C. 2921.13 is a criminal statute and finding the plaintiff failed to point to any authority that permitted a civil action for alleged violations of R.C. 2921.13). Defendant has pointed to no authority, and our independent research has revealed none, which supports the advancement of an independent civil claim for falsification in a private action that is in fact an original action, without the initiation of criminal charges or criminal proceedings pursuant to R.C. 2921.13. Here, there is absolutely no evidence that defendant was arrested for or charged or indicted for a falsification offense.

*Hershey v. Edelman*, 187 Ohio App. 3d 400, 408 (Ohio Ct. App. 10th Dist. 2010).

In the case presently before the Court, there are no allegations that any criminal charge or proceeding for falsification has been initiated against defendants. *See generally Complaint*. Accordingly, plaintiff has failed to state a claim under Ohio law for falsification. *See*, *e.g.*, *id.*; *Slorp v. Lerner, Sampson & Rothfuss*, No. 13-3402, 587 Fed. Appx. 249, at *261 (6th Cir. Sept. 29, 2014) (affirming dismissal of falsification claim because, under O.R.C. § 2921.13, "civil liability is predicated on criminal guilt" and the effect of this statute "is to provide restitution to victims of the criminal offense; it does not create civil liability absent criminal conviction").

**WHEREUPON**, it is **RECOMMENDED** that *Defendants' Motion to Dismiss*, ECF 9, be **GRANTED** as to all claims against defendants Timothy Wollenburg and David Freriks, and **GRANTED** as to plaintiff's claims of conspiracy, dereliction of duty, perjury, and falsification of

15

documents.  It is **FURTHER RECOMMENDED** that *Defendants' Motion to Dismiss* be **DENIED** as moot as to any official capacity claims and **DENIED** as to plaintiff's claims based on violations of his right to a speedy trial, his right to due process, his right of access to the courts, his unlawful detention under the Fourth Amendment as well as his state law claim of false imprisonment.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                *s/Norah McCann King*
                                                      Norah M$^c$Cann King
June 5, 2015                       United States Magistrate Judge