```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION
```

**DAVID A. JOSEPH, SR.,** *et al.,*

       **Plaintiffs,**

  vs.                                     Civil Action 2:15-cv-0085
                                                  Judge Watson
                                                  Magistrate Judge King

**CHRISTIE HAMPTON,** *et al.,*

       **Defendants.**

## REPORT AND RECOMMENDATION

    Only the claims of plaintiff David A. Joseph, Sr., a former state inmate[1] who is proceeding without the assistance of counsel, remain. *Opinion and Order,* ECF 5. This matter is now before the Court on *Defendant's Motion to Dismiss*, ECF 30 ("*Motion to Dismiss*"). For the reasons that follow, it is **RECOMMENDED** that the *Motion to Dismiss* be **GRANTED**.

    On August 6, 2015, the Court established a case schedule requiring, *inter alia*, that discovery be completed by December 31, 2015. *Scheduling Order*, ECF 22, p. 1. On October 19, 2015, defendants moved to compel plaintiff's response to defendants' first set of discovery requests, representing that they twice sent written correspondence to plaintiff (once electronically and once by certified mail), asking about the status of the discovery requests, to which plaintiff never responded. *Defendants' Motion to Compel Discovery*,

---

[1] On June 29, 2015, plaintiff advised the Court of his new residential address. ECF 19.

ECF 24.  *Id*. (citing Exhibit 2).  Plaintiff filed no response to the motion to compel.  Thereafter, the Court granted defendants' unopposed motion to compel and ordered plaintiff to respond to defendants' discovery requests by November 25, 2015.  *Order*, ECF 29, p. 2.  The Court also expressly advised plaintiff that his failure to respond to defendants' discovery requests may result in the imposition of sanctions, including the dismissal of his claims.  *Id*. (citing Fed. R. Civ. P. 37).

Defendants now move to dismiss this action in its entirety pursuant to Rule 37(b)(2)(A)(v) or Rule 41(b) of the Federal Rules of Civil Procedure, representing that plaintiff has failed to provide the required discovery responses.  *Motion to Dismiss*, p. 3 (citing *Affidavit of Attorney Frank D. Hatfield*, ¶ 1, attached thereto as Exhibit 1 ("*Hatfield Affidavit*")).  On December 2, 2015, the Court specifically advised plaintiff that he had twenty-one (21) days to respond to the *Motion to Dismiss* and warned plaintiff that "[h]is failure to respond is likely to result in the dismissal of the action."  *Order*, ECF 32.  Plaintiff has nevertheless failed to respond to the *Motion to Dismiss*.

Rule 37(b)(2)(A)(v) provides, in pertinent part, that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.  They may include [an order] . . . dismissing the action or proceeding in whole or in part . . ."  Fed. R. Civ. P. 37(b)(2)(A)(v).  Additionally, Rule 41 of the Federal Rules of Civil Procedure

provides:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . ."  Fed. R. Civ. P. 41(b).  Dismissal of an action for failure to cooperate in discovery or to comply with the orders of the court is left to the sound discretion of the trial court.  *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 366 (6th Cir. 1997) (citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)).  A court must consider four factors when determining whether to dismiss an action for failure to prosecute:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)).  *See also Harmon*, 110 F.3d at 366-67 (applying same factors when considering dismissal under Rules 37(b)(2) and 41(b)).  "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct."  *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

   In the case presently before the Court, plaintiff has failed to comply with his discovery obligations under the Federal Rules of Civil Procedure and has not complied with an express order of this Court.  In light of the specific warnings to plaintiff that his failure to

3

respond to defendants' discovery requests "may result in the imposition of sanctions, including the dismissal of his claims[,]" *Order*, ECF 29, p. 2, and that his "failure to respond [to the *Motion to Dismiss*] is likely to result in the dismissal of the action[,]" *Order*, ECF 32, the Court must construe plaintiff's failure to respond as willful.  Moreover, defendants have been prejudiced by plaintiff's failures because they cannot effectively defend against plaintiff's claims without responses to discovery requests regarding his claims.  Furthermore, the Court is not persuaded that less drastic sanctions -- such as ordering responses yet again -- would be effective in light of plaintiff's failure to comply with the Court's repeated directives.  Under all these circumstances, then, this Court concludes that dismissal of plaintiff's claims is an appropriate sanction.  *See Carpenter*, 723 F.3d at 704; *Harmon*, 110 F.3d at 366 67; *Reyes*, 307 F.3d at 458.  This is particularly so in light of the fact that it appears that plaintiff has abandoned his prosecution of the litigation.

   **WHEREUPON**, it is **RECOMMENDED** that *Defendant's Motion to Dismiss*, ECF 30, be **GRANTED.**

   If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections

must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

*s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

December 28, 2015